NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3251
_____

BALJIT SINGH,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent
_____

On Appeal from the Board of Immigration Appeals
A088-231-521
_____

Submitted Under Third Circuit L.A.R. 34.1(a),
January 9, 2012

BEFORE:  FUENTES, JORDAN, and NYGAARD, *Circuit Judges*

(Opinion Filed: February 22, 2012 )
_____

OPINION OF THE COURT
_____

FUENTES, *Circuit Judge*.

Petitioner Baljit Singh appeals the Decision and Order of the Board of

Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his

application for asylum, withholding of removal, and relief under the Convention Against

1

Torture ("CAT"). For the following reasons, we deny the petition and affirm the decision of the BIA.[1]

I.

Because we write only for the parties, we discuss only those facts to the extent necessary for the resolution of the issues raised on appeal.

Singh entered the United States on October 3, 2006 from the Hoshipur Province in India. In February 2007, the Department of Homeland Security issued a Notice to Appear, charging that he was an alien present in the United States without being admitted or paroled, in violation of 8 U.S.C. § 1182(a)(6)(A)(i). Singh conceded the charge of removability, but applied for asylum, withholding of removal, and relief under CAT. The Immigration Judge held a hearing on Singh's application.

At the hearing, Singh testified that he fled India and was afraid to return because he refused to join his village's ruling party . Specifically, he said that the Congress Party, the ruling party at the time, harassed, arrested, and beat him because he refused to join them. On one occasion, he was injured and his mother treated him. On another occasion he sought medical treatment at a local hospital.

Singh also testified that his brother was similarly harassed. He also testified that he fears returning to India because the Congress Party is still in power and that he has been informed that the authorities are still looking for him.

---

[1] The BIA had jurisdiction over Singh's appeal pursuant to 8 C.F.R. § 1003.1(b)(3). We have appellate jurisdiction pursuant to 8 U.S.C. § 1252(a).

The IJ issued an oral decision denying his application. Specifically, the IJ found that Singh was not credible, had not presented sufficient corroborating testimony, and had not established future fear of persecution under CAT. As to Singh's credibility, the Immigration Judge highlighted three inconsistencies in his testimony. First, he noted that Singh was inconsistent with the name of the hospital where he was treated. He testified that the name of the hospital was Pala Tanda, but the medical record shows it was Bhela Maternity and General Hospital. Also, Singh was inconsistent about the amount of time he spent in the hospital. He testified he slept in the hospital for two nights, yet the record he submitted showed he was there only one night. Finally, the IJ found there to be inconsistencies in the manner in which Singh crossed the border. In his asylum application, Singh stated that he arrived in the United States by ship. Before the IJ, he testified he arrived in the United States by car.

As to corroboration, the IJ determined that Singh could have, but failed to, provide corroboration for his testimony regarding the first aid rendered by his mother and the harassment his brother suffered at the hands of Congress party members. He stated that his mother treated his injuries and submitted an affidavit from his mother. The affidavit made no mention of providing any treatment. Further, Singh named only his brother as someone who was similarly harassed. However, Singh did not provide an affidavit from him corroborating his experience. The IJ found that while Singh did not speak to his brother, his parents did and he could have gotten an affidavit from his brother through that channel. Finally, the IJ determined that Singh had failed to establish he had a well-founded fear of future harm and thus relief under CAT was unwarranted.

3

Based on the above, the IJ denied the application. The BIA affirmed the IJ on all grounds. This appeal followed.

II.

When the BIA issues an opinion, we review that decision. *Fei Mei Cheng v. Att'y Gen.*, 623 F.3d 175, 182 (3d Cir. 2010). We review the BIA's conclusions of law de novo, subject to the appropriate deference, and we review the BIA's factual finding for substantial evidence. *Id.* Under the "substantial evidence" standard, we reverse only if a "reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quoting *Toure v. Att'y Gen.*, 443 F.3d 310, 316 (3d Cir. 2006)).

Adverse credibility findings are reviewed under the substantial evidence standard. *Lin-Zheng v. Att'y Gen.*, 557 F.3d 147, 155 (3d Cir. 2009) (en banc). Because Singh filed his application after 2005, the REAL ID Act applies. *See Chukwu v. Att'y Gen.*, 484 F.3d 185, 189 (3d Cir. 2007). Under the Act, an IJ's adverse credibility determination may be based on any inconsistencies in the record, without regard to whether they relate to the heart of the applicant's claim. 8 U.S.C. § 1158(b)(1)(B)(iii).

Even if the testimony is credible, Singh may still be required to corroborate aspects of his testimony in order to meet his burden of proof. *Sandie v. Att'y Gen.*, 562 F.3d 246, 252 & n.2 (3d Cir. 2009). Our review of such a determination is subject to the same substantial evidence standard as a credibility determination. *Id.* An applicant must provide such evidence when "it is reasonable to expect corroborating evidence and there is no satisfactory explanation for its absence," such as when the testimony is "central to an applicant's claim and easily subject to verification." *Id.* at 252. An IJ is obligated to

4

undertake a three-part inquiry before concluding that, because of a lack of corroborating evidence, an applicant has failed to carry his burden of proof: "(1) identify the testimony for which it is reasonable to expect the applicant to produce corroboration; (2) examine whether the applicant corroborated that testimony; and (3) analyze whether the applicant has adequately explained any failure to provide corroboration." *Id.* at 253.

## A.

To qualify for asylum, Singh must show that he is "unable or unwilling to return to [India] ... because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group or political opinion." 8 U.S.C. § 1101(a)(42); *see also* 8 U.S.C. § 1158(b)(1)(A). An applicant's failure to demonstrate eligibility for asylum necessarily means that he failed to meet the higher burden of proof for statutory withholding of removal. *See Mudric v. Attorney General*, 469 F.3d 94, 102 n.8 (3d Cir.2006).

While not a particularly compelling adverse credibility finding, we cannot say that the record compels a different conclusion. For example, in his asylum application, Singh said he arrived in the United States by ship, A.R. 000298, but testified that he crossed the border in a car, A.R. 000136-37. When the IJ confronted him about this inconsistency and elicited further testimony, his story changed several times. He said he arrived by ship, then changed his testimony to he arrived by taxi and then boarded and waited on a ship. While this does not go to the heart of the Singh's claim and strikes us as relatively minor, this inconsistency combined with the other minor inconsistencies, does not compel a conclusion that Singh is credible.

5

Even if the testimony was credible, the BIA's determination that Singh failed to present readily available corroborating testimony is also supported by substantial evidence. In his testimony, Singh referenced that his brother was similarly mistreated for his unwillingness to be politically active, yet he did not provide any documentation corroborating his story. When the IJ probed further, Singh indicated he did not have contact with his brother but his parents, whom Singh was in contact with, did. Thus, the IJ's determination that Singh failed to corroborate his testimony is supported by substantial evidence.

III.

We have considered Singh's remaining arguments and find them without merit. We will deny the petition.

6